UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MARCELLA SCOTT, as Trustee and Personal Representative for the Heirs and Next of Kin of Randolph E. Scott, a/k/a Randy Scott,<br><br>                              Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Civil No. 06-3012 (JRT/FLN)<br><br>**ORDER AFFIRMING<br>MAGISTRATE JUDGE'S ORDER** |

Ronald I. Meshbesher, **MESHBESHER & SPENCE, LTD**, 1616 Park Avenue South, Minneapolis, MN 55404, for plaintiffs.

Friedrich A. P. Siekert, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant.

On February 29, 2008, United States Magistrate Judge Franklin L. Noel issued a Notice of Follow-Up Settlement Conference ("Settlement Conference Notice"), after an initial settlement conference between plaintiffs and defendant proved unsuccessful. Defendant filed a motion to modify the Settlement Conference Notice, requesting that the Magistrate Judge not require the personal participation of an Assistant Attorney General in the settlement conference. In an Order dated April 25, 2008, the Magistrate Judge denied defendant's motion. Defendant then filed these objections. For the reasons set forth below, the Court affirms the Magistrate Judge's order.

## BACKGROUND

This case arises out of a highly publicized automobile collision in South Dakota on August 16, 2003, involving then-Congressman William Janklow and Randy Scott, who died at the scene of the accident. Plaintiffs filed a wrongful death action against the United States under the Federal Tort Claims Act ("FTCA"), arguing that Scott's death was caused by the negligent or wrongful act or omission of an employee of the United States government while acting within the scope of his office or employment. *See* 28 U.S.C. § 1346(b).

On January 4, 2008, the Magistrate Judge issued a notice for a settlement conference to take place in February 2008. Prior to the settlement conference, defendant asked to be excused from having a representative with full settlement authority present at the conference. The Magistrate Judge granted the request, requiring the attendance only of the Assistant United States Attorney assigned to the case, and the Chief of the Civil Division for the United States Attorney's Office for the District of Minnesota. The Magistrate Judge conducted a settlement conference on February 20, 2008. The case did not settle, however.

The Magistrate Judge determined that while both sides negotiated in good faith toward a settlement, one impediment to the settlement was the cap on the United States Attorney's settlement authority, which is imposed by the Attorney General's settlement authority regulations. *See* 28 C.F.R. § 0.160(a). Accordingly, on February 29, 2008, the Magistrate Judge issued a follow-up Settlement Conference Notice requiring an Assistant Attorney General from the Department of Justice to appear by telephone at a follow-up

settlement conference on May 13, 2008.  The Notice provided that the Assistant Attorney General should be fully briefed on the facts of the case and prior settlement negotiations, and prepared to participate meaningfully in settlement discussions.

Following issuance of the Notice of Settlement Conference, defendant filed a motion to modify the Notice.  Defendant asked the Magistrate Judge to delete the requirement that an Assistant Attorney General be present by telephone during the settlement conference.  The Magistrate Judge denied the motion in an order dated April 14, 2008, finding that the Court has the inherent power to order the limited participation of government officials to attend a settlement conference, and noting that the Assistant Attorney General has the next level of settlement authority, though not ultimate settlement authority within the Department of Justice.  Defendant then filed these objections.

## ANALYSIS

**I.   STANDARD OF REVIEW**

The standard of review for an appeal of a magistrate judge's order on a non-dispositive issue is extremely deferential.  *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The Court will reverse the order only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a).

**II.   DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER**

Defendant argues that the Magistrate Judge's decision to require the participation of the Assistant Attorney General – a government official with a greater level of

settlement authority – was contrary to law. In particular, defendant contends that the Magistrate Judge misapplied the legal standard set forth in *In re Stone*, 986 F.2d 898 (5th Cir. 1993).

*In re Stone* examined the inherent authority of federal district courts to order the executive branch to send a representative with full settlement authority to a settlement conference. *Id.* at 901-02. The court examined three general categories of inherent powers possessed by Article III courts,[1] finding that a court's power to order a government official to participate in a settlement conference was part of its inherent authority to protect the efficient and orderly administration of justice. *Id.* at 903. The court concluded that "district courts have the general inherent power to require a party to have a representative with full settlement authority present – or at least reasonably and promptly accessible – at pretrial conferences. This applies to the government as well as private litigants." *Id.* However, because the district court had issued a standing order requiring the government in *every* case to attend settlement conferences through a representative with full settlement authority, the Fifth Circuit held that the court abused its discretion in exercising its inherent authority. *Id.* at 904. In particular, the court noted that the Justice Department's settlement regulations did not significantly interfere with

---

[1] The first category consists of powers "so fundamental to the essence of a court as a constitutional tribunal that to divest the court of absolute command within this sphere is really to render practically meaningless the terms 'court' and 'judicial power.'" *Id.* at 901 (quoting *Eash v. Riggins Trucking*, 757 F.2d 562-64 (3d Cir. 1985) (en banc)). The second category consists of powers necessary to the exercise of all others, including the power to protect the administration of justice. *Id.* Finally, the third category includes those "reasonably useful to achieve justice." *Id.*

the operation of the district court, and that the standing order imposed a major inconvenience on the government without a showing of real and palpable need. *Id.*

Defendant argues that the Magistrate Judge misapplied *In re Stone* because he failed to apply a "test" that balances the interference caused by DOJ regulations against the district court's need for greater settlement authority. The Court disagrees. As discussed above, *In re Stone* holds unequivocally that district courts have inherent authority to require a party, including the government, to have a representative with full settlement authority present at a settlement conference. *Id.* at 903. That inherent authority should yield where it imposes a major inconvenience on a party without a showing of "real and palpable need." *Id.* However, nothing in *In re Stone* requires district courts to perform an explicit balancing test to determine whether a government official may be ordered to participate in a settlement conference. *See id.* ("In determining whether to require the government (or, for that matter, a private party) to send a representative to a pretrial conference with full authority to settle, a district court should take a practical approach.").

Here, the Magistrate Judge initially granted defendant's request to be excused from having a representative with full settlement authority at the settlement conference. Following that first settlement conference, the Magistrate Judge found that the limited settlement authority of the Assistant United States Attorney and the Chief of the Civil Division was impeding a settlement. Unlike the standing order in *In re Stone*, however, which imposed a significant and ongoing inconvenience to the Department of Justice, the Magistrate Judge's Notice of Settlement Conference requires only the limited telephonic

participation of the Assistant Attorney General, in what is likely to be a one-time event. The Court finds these actions to be wholly consistent with the scope of the district court's inherent powers under *In re Stone*.

Defendant's remaining arguments are similarly unavailing. Defendant argues that the Magistrate Judge's order violates the Judicial Improvements Act of 1990, which authorizes district courts to adopt local rules requiring parties with full settlement authority to attend settlement conferences, but which states that such rules shall not alter or conflict with the authority of the Attorney General to conduct litigation on behalf of the United States. *See* 28 U.S.C. 473(c). However, the Magistrate Judge's order in this case did not rely on any particular settlement authority provisions under local rules. *See In re Stone*, 986 F.2d at 903 n.5 (rejecting similar argument that district court's standing order violated the Judicial Improvements Act). Instead, the Magistrate Judge ordered the participation of the Assistant Attorney General pursuant to his inherent settlement authority under *In re Stone*.

Finally, defendant argues in rather sweeping generalities that the Magistrate Judge's order violates separation of powers principles. As discussed above, federal district courts possess the inherent authority to ensure the efficient and orderly administration of justice. *Id.* at 901; *Roadway Express v. Piper*, 447 U.S. 752, 764 (1980). This power is not unlimited, however. *See In re Stone*, 986 F.2d at 903-04. As the Fifth Circuit recognized in *In re Stone*, courts must "consider the unique position of the government as a litigant," including the duty of the executive branch to "take Care that the Laws be faithfully executed." *Id.* Thus, a court's exercise of its inherent powers

must take into consideration both the need for the required action and the inconvenience imposed on the government.  *Id.*  The Court finds these limiting principles adequate to address defendant's separation of powers concerns.

For these reasons, the Court concludes that the Magistrate Judge's order requiring the Assistant Attorney General to participate in a settlement conference is neither clearly erroneous nor contrary to law.  Accordingly, the Court affirms the Magistrate Judge's order and denies defendant's motion.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** defendant's objections [Docket No. 29] and **AFFIRMS** the Magistrate Judge's Order denying Motion to Modify Notice of Follow-up Settlement Conference [Docket No. 28].


DATED:   May 9, 2008                                         s/ John R. Tunheim         _
at Minneapolis, Minnesota.                                    JOHN R. TUNHEIM
                                                          United States District Judge